UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| KARIN SMITH, individually and as Personal Representative of the Estate of John Wesley Smith,<br><br>    Plaintiff,<br><br>-vs-<br><br><br>DILLON COUNTY SHERIFF'S OFFICE, MICAH CHADDIE HAYES, individually and as Deputy Sheriff of Dillon County, and LUKE BRUNSON, individually and as Deputy Sheriff of Dillon County,<br><br>    Defendants. | Civil Action No. 4:19-cv-1801-SAL-TER<br><br><br><br><br><br><br>**ORDER** |

  Plaintiff initially filed the present action on January 26, 2018, in the Dillon County Court of Common Pleas. Defendants filed an Answer on behalf of certain defendants and a Motion to Dismiss on behalf of others on July 18, 2018. After a hearing on Defendants' Motion to Dismiss, the state court issued an order dismissing Defendant Dillon County and Defendant Major Hulon and allowing Plaintiff to amend the original complaint as to the remaining individual defendants. Plaintiff filed an amended Summons and Complaint on May 28, 2019, and served the same on these Defendants on or about May 29, 2019. The amended Summons and Complaint contained new allegations including federal claims. Pursuant to 28 U.S.C. § 1446(b), Defendants removed this matter to this Court on June 25, 2019.

  On June 14, 2021, Defendants filed a Motion to Enforce Settlement (ECF No. 35). Therein, Defendants argued that the parties reached a settlement during mediation, but Plaintiff, the purported Personal Representative of the Estate of the decedent, subsequently emailed the mediator stating that

she did not agree with the settlement. Plaintiff did not file a response to the motion. Accordingly, the undersigned entered an Order (ECF No. 40) directing Plaintiff to file a response to Defendants' motion within ten days. Plaintiff failed to file a response as ordered. Therefore, the undersigned scheduled a hearing on Defendants' motion.

Counsel for both parties appeared at the hearing. During the hearing, it came to the court's attention that the purported personal representative of the decedent's estate had not been duly appointed by the probate court as represented in the pleadings in this action. The undersigned entered a Text Order (ECF No. 48) directing counsel for Plaintiff to communicate with counsel for Defendants regarding the proper party in this case within forty-five days of the date of Order, and allowing Defendants fifteen days thereafter to re-file a motion to enforce settlement if necessary.

On March 7, 2022, counsel for Defendants emailed EJ Mercer, Plaintiff's counsel of record in this action, as well as Janet Paschal, counsel handling decedent's probate matters, to request a status update on the probate file. Emails Between Counsel (ECF No. 64). Paschal responded stating "[i]t has been signed!" Emails Between Counsel. That same day, counsel for Defendants filed a letter (ECF No. 53) indicating that counsel for Plaintiff informed him that a new personal representative had been appointed for decedent's estate and "the parties anticipate Plaintiff will file the necessary pleadings to change the caption to reflect this new appointment and file a motion to approve the negotiated terms of the settlement" within fifteen days.

On April 4, 2022, counsel for Defendants sent another letter to Plaintiff's counsel requesting an update on the case. Emails Between Counsel. Paschal responded, "EJ and I are meeting with the new PR this afternoon. We will send update after meeting." Emails Between Counsel. However, no motion to amend the pleadings or other motion was filed.

On April 19, 2022, the undersigned entered a second Order (ECF No. 56) directing the parties

to file a status update no later than April 22, 2022. Counsel for Defendants timely filed a letter (ECF No. 58 ) indicating that he had attempted to contact counsel for Plaintiff regarding the status update but he had not responded.  See also Emails Between Counsel. Counsel for Plaintiff also failed to respond to the court as directed in the Text Order.

As a result, the undersigned scheduled an in-person status conference for May 10, 2022.  In the Order (ECF No. 61) setting the status conference, the undersigned noted that "Plaintiff's failure to attend may result in dismissal of this action pursuant to Fed.R.Civ.P. 41(b).  At the status conference on May 10, 2022, counsel for Defendants was present.  Counsel for Plaintiff was not.  Counsel for Defendants raised an oral motion to dismiss for failure to prosecute pursuant to Rule 41(b).

Upon further reflection, the court finds it more appropriate for Defendants to file a written motion to dismiss **no later than Friday, May 20, 2022**.  **Counsel for Plaintiff is directed to provide Plaintiff with a copy of the motion as well as Janet Paschal, the attorney who appears to be handling probate matters for the decedent's estate.  Plaintiff will have ten days from the date the motion is filed to file a response. The court does not anticipate granting any extensions on these deadlines.**

**IT IS SO ORDERED**.

                                             s/Thomas E. Rogers, III
                                            Thomas E. Rogers, III
                                            United States Magistrate Judge

May 12, 2022
Florence, South Carolina